**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NEW YORK**

_____

|  |  |  |
|---|---|---|
| | ) | |
| **EQUAL EMPLOYMENT** | ) | |
| **OPPORTUNITY COMMISSION,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Civil Action No. 1:20-cv-00780** |
| | ) | |
| **v.** | ) | |
| | ) | **COMPLAINT** |
| **JAMES CARS OF HAMBURG LLC, D/B/A** | ) | |
| **JAMES MITSUBISHI HAMBURG and** | ) | |
| **JAMES AUTO MANAGEMENT LLC** | ) | |
| | ) | |
| **Defendants.** | ) | **Jury Trial Demanded** |

_____)

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex and to provide appropriate relief to Charging Party Katelyn M. Sealy and another female employee who were adversely affected by such practices. As alleged with greater particularity below, the Equal Employment Opportunity Commission alleges that Defendants James Cars of Hamburg LLC, d/b/a James Mitsubishi Hamburg, and James Auto Management LLC, violated Title VII by subjecting Sealy and another female employee to a hostile work environment based on their sex. The Commission further alleges that Sealy had no choice but to resign and was therefore constructively discharged by Defendants.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.§ 2000e-5(f)(1) and (3) ("Title VII"), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.      The employment practices alleged to be unlawful were and are being committed within the jurisdiction of the United States District Court for the Western District of New York.

## PARTIES

3.      Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

4.      At all relevant times, Defendant James Cars of Hamburg LLC, d/b/a James Mitsubishi Hamburg ("James Mitsubishi"), a New York limited liability company, has continuously been doing business in the State of New York and the Town of Hamburg and has continuously had at least 15 employees.

5.      At all relevant times, Defendant James Auto Management LLC ("James Auto," together with James Mitsubishi, "Defendants"), a New York limited liability company and the parent company of James Mitsubishi, has continuously been doing business in the State of New York and the Town of Hamburg and has continuously had at least 15 employees.

6.      At all relevant times, Defendants have continuously been employers engaged in an industry affecting commerce under Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g), and (h).

## ADMINISTRATIVE PROCEDURES

7.      More than thirty days prior to the institution of this lawsuit, Katelyn Sealy filed a charge of discrimination with the Commission alleging violations of Title VII by Defendants.

8.      On March 9, 2020, the Commission issued a Letter of Determination notifying Defendants that the Commission found reasonable cause to believe that Defendants violated Title

VII and inviting Defendants to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

9.      The Commission engaged in communications with Defendants to provide Defendants the opportunity to remedy the unlawful employment practices described in the Letter of Determination.

10.     The Commission was unable to secure from Defendants a conciliation agreement acceptable to the Commission.

11.     On May 15, 2020, the Commission issued to Defendants a Notice of Failure of Conciliation advising Defendants that the Commission was unable to secure from Defendants a conciliation agreement acceptable to the Commission.

12.     All conditions precedent to the institution of this lawsuit have been fulfilled.

**STATEMENT OF CLAIMS**

13.     Since at least February 2018, Defendants have engaged in unlawful employment practices in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000(e)-2(a)(1), by subjecting Sealy and another female employee to a hostile work environment based on sex.

a.      Defendants own and operate James Mitsubishi Hamburg, a car dealership located at 5160 Camp Road, Hamburg, New York 14075.

b.      James Provenzano owns Defendants and is Dealer/Principal of James Mitsubishi.

c.      Steven Kupiec served as the general manager of James Mitsubishi and of two affiliated dealerships owned by James Auto in Greece, New York, and Rome, New York.

d.      Katelyn Sealy began working for Defendants as a Billing Specialist in February 2018. Sealy worked for Defendants from February 2018 until June 2018, when she was constructively discharged by Defendants.

      e.      Another female employee began working for Defendants in March 2018 as a "Solutions Provider," or Salesperson. She worked from March 2018 until July 2018.

      f.      Throughout Sealy's and the Salesperson's employment, Kupiec subjected them to unwelcome sexual conduct and comments, including but not limited to:

      i.      Staring at and commenting on their bodies approximately daily, including calling them "hot" and telling them that he liked the way they dressed;

      ii.      Telling other employees to look at Sealy's body, specific body parts, and the way that she dressed, including instructing the Salesperson to admire Sealy's legs;

      iii.      Talking about Sealy's body, including her breasts, in front of Sealy and the Salesperson, and other employees;

      iv.      Talking openly and explicitly about his sex life, including discussing specific sex acts and body parts, in front of Sealy, the Salesperson, and other employees;

      v.      Repeatedly asking Sealy and the Salesperson to come to his hotel room despite such requests always being refused;

      vi.      Bragging to Sealy about having a hot tub and a king-sized bed in his hotel room, both of which he said he wanted to share with her, and asking her to pretend they were in a hot tub together and he was serving champagne;

      vii.      Asking Sealy, "How does it feel knowing your boss wants to fuck you?";

      viii.      Asking a male employee to provide details about Sealy's sex life;

      ix.      Telling Sealy that he would like to see her in the wash bay, where cars were detailed, so that Sealy's shirt would get wet and her breasts would become visible;

      x.      Repeatedly pressuring the Salesperson to go alone with him to a casino located near his hotel room, despite being refused;

4

xi.        Buying the Salesperson alcoholic drinks and trying to embrace and kiss her;

xii.        Repeatedly entering Sealy's office (including while Sealy's supervisor was present) and leering at Sealy for a long time without speaking. Once, when Sealy asked what he needed, Kupiec suggestively said to her, "You're going to get me in trouble";

xiii.        Calling Sealy's office phone and asking her to come to his office. When she arrived, Kupiec told Sealy that he was dreaming about her coming to his hotel room, waking up beside him the next morning, and wearing no clothes other than his shirt; and

xiv.        More than once—in front of other employees—standing behind Sealy rubbing her shoulders while she sat at her computer.

g.        Throughout Sealy's and the Salesperson's employment, they were subjected to unwelcome sexual conduct and comments by other employees, including but not limited to:

i.        Sealy's direct supervisor worked for Defendants as an Equal Employment Opportunity Officer ("EEO Officer") and Vice President for Human Resources ("VP of HR");

ii.        Numerous employees (including but not limited to the EEO Officer/VP of HR) regularly talked openly and explicitly about sexual activities in front of Sealy and the Salesperson. The EEO Officer/VP of HR, for example, talked about male genitalia in front of the Salesperson, while other employees discussed sexual activities that other employees engaged in;

iii.        The EEO Officer/VP of HR told the Salesperson that Kupiec had said he "liked the way [she] looked" and "loved the way [she] dressed.";

iv.        The EEO Officer/VP of HR asked the Salesperson for details about her sexual activities, which the Salesperson refused to give;

v.      The EEO Officer/VP of HR frequently heard Kupiec comment on Sealy's appearance, including her body and her clothing, and repeatedly urged Sealy to keep wearing clothes that Kupiec found "hot";

vi.     Once, Kupiec told the EEO Officer/VP of HR, "Look at her in these pants," referring to Sealy. Afterward, the EEO Officer/VP of HR advised Sealy to "keep wearing those. He likes you in that." Another time, after Kupiec commented about Sealy's shirt accentuating her cleavage, the EEO Officer/VP of HR told Sealy, "You'd better keep wearing that kind of shirt";

vii.    The EEO Officer/VP of HR repeatedly asked Sealy, "Is it weird that your boss loves you?" and told Sealy that she should "go with it" to "get free shit." Sealy clearly expressed that she was disgusted by Kupiec's attention;

viii.   The EEO Officer/VP of HR was present numerous times for Kupiec's offensive interactions with Sealy. Several times, the EEO Officer/VP of HR tried to convince Sealy that Kupiec was only kidding but Sealy never agreed with her. On at least one occasion, Sealy told the EEO Officer/VP of HR, "it is not funny to me," referring to Kupiec's comments and conduct;

ix.     Another time, Kupiec rubbed Sealy's shoulders in front of the EEO Officer/VP of HR while the EEO Officer/VP of HR simply sat and watched. Sealy sat silently and stared wide-eyed at her supervisor, in obvious discomfort. After Kupiec stopped, he asked Sealy, "Doesn't that feel better?" Sealy told him, flatly, "No." After Kupiec left, the EEO Officer/VP of HR, "What was that all about?" referring to Sealy's rejection of and refusal to indulge Kupiec; and

x.      After the EEO Officer/VP of HR (over Sealy's objection) told Kupiec that Sealy had cut her leg shaving, Kupiec told Sealy that he could "take care of it" for her, after which Kupiec and the EEO Officer/VP of HR both laughed. Kupiec then mimed opening Sealy's legs and pretending to lick her vagina.

h.      Defendants failed to do anything to address or end the harassment of Sealy and the Salesperson. The unlawful conduct continued unabated.

i.      Both Sealy and the Salesperson made clear to GM Kupiec, the EEO Officer/VP of HR, and other employees that the sexual comments and conduct were unwelcome;

ii.      Sealy responded to Kupiec's conduct by leaving the room, rolling her eyes, making a disgusted face, changing the subject, avoiding being alone with him, and refusing his sexual advances;

iii.      The Salesperson repeatedly rejected Kupiec's sexual advances and objected to his comments by explicitly saying "no" to his sexual overtures, leaving the conversation, staring at him in disbelief, changing the subject, and avoiding him;

iv.      Sealy repeatedly made clear to the EEO Officer/VP of HR that Kupiec's conduct was unwelcome by telling her that Kupiec's comments were not funny, leaving the room in front of the EEO Officer/VP of HR after Kupiec made comments, and rolling her eyes or making a disgusted face when he made vulgar comments in front of the EEO Officer/VP of HR;

v.      The Salesperson avoided entering rooms where Kupiec and others were loudly discussing sexually explicit topics, even if she needed to do so as part of her job;

vi.      Defendants' Sales Managers regularly observed Sealy and the Salesperson being subjected to unwelcome sexual comments; and

vii.      Despite Defendants' General Manager, the EEO Officer/VP of HR, and Sales Managers observing and/or engaging in the regular, unceasing, and unwelcome sexual harassment of Sealy and the Salesperson, Defendants failed to stop the harassment.

14.      Defendants constructively discharged Sealy by creating and maintaining an intolerable work environment and by failing to take action to address and end the harassment.

      a.      For more than four months, Sealy continued working despite facing regular unwelcome sexual comments and advances;

      b.      Sealy tried to stop the harassment by communicating her rejection to Kupiec and to the EEO Officer/VP of HR, but it did not stop and instead increased in severity;

      c.      Sealy tried to avoid her harassers and focus on her job, but Kupiec was able to find her and she was forced to share an office with the EEO Officer/VP of HR;

      d.      Unable to stop or avoid the harassment, Sealy struggled to focus on her work tasks and dreaded going to work;

      e.      The regular and unceasing harassment became so intolerable that Sealy could not go to work any longer. In June 2018, Sealy resigned.

15.      The unlawful employment practices complained of in paragraphs 13 – 14 above were intentional.

16.      The unlawful employment practices complained of in paragraphs 13 – 14 above were done with malice or with reckless indifference to the federally protected rights of Sealy and other similarly aggrieved individuals who were adversely affected by such practices.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.      Issue a permanent injunction enjoining Defendants, their officers, agents, servants, employees, and all persons in active concert or participation with them, from engaging in unlawful employment practices that discriminate on the basis of sex, including harassment and the creation of a hostile work environment based on sex in violation of 42 U.S.C. § 2000e.

B.      Issue a permanent injunction enjoining Defendants, their officers, agents, servants, employees, and all persons in active concert or participation with them, from engaging in unlawful retaliation.

C.      Order Defendants to institute and carry out policies, practices, and programs that provide equal employment opportunities for female employees and that eradicate the effects of Defendants' past and present unlawful employment practices.

D.      Order Defendants to make whole Sealy by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of Defendants' unlawful employment practices.

E.      Order Defendants to make whole Sealy and the other aggrieved female employee by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 13 – 14 above, in amounts to be determined at trial.

F.      Order Defendants to make whole Sealy and the other aggrieved female employee by providing compensation for past and future nonpecuniary losses resulting from the unlawful employment practices complained of in paragraphs 13 – 14 above, including emotional pain, suffering, inconvenience, and humiliation, in amounts to be determined at trial.

G.      Order Defendants to pay Sealy and the other aggrieved female employee punitive damages for its malicious and reckless conduct, as described in paragraphs 13 – 14 above, in amounts to be determined at trial.

H.      Grant such further relief as the Court deems necessary and proper in the public interest.

I.      Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Dated: June 24, 2020

Buffalo, New York

Respectfully submitted,

SHARON FAST GUSTAFSON
General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
131 M Street, N.E.
Washington, D.C. 20507

JEFFREY BURSTEIN
Regional Attorney
jeffrey.burstein@eeoc.gov

NORA CURTIN
Supervisory Trial Attorney
nora.curtin@eeoc.gov

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
New York District Office
33 Whitehall Street, 5th Floor
New York, New York 10004

/s/ *James E.B. Bobseine*
James E.B. Bobseine
Trial Attorney
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Buffalo Local Office
300 Pearl Street, Suite 450
Buffalo, New York 14202
Tel: 716-431-5023
Fax: 716-551-4387
Email: james.bobseine@eeoc.gov

10